UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>HOWREY LLP,<br><br>    Debtor. | Case No: C 13-0449 SBA<br><br>Consolidated Case Nos.: C 13-00981 SBA and C 13-01889 SBA<br><br>**ORDER ON CONSOLIDATED BANKRUPTCY APPEALS** |

    This case arises out of Howrey LLP's ("Howrey") dissolution and the movement of Howrey's partners to new law firms. Allan B. Diamond, the Chapter 11 bankruptcy trustee for Howrey ("the Trustee"), has filed multiple adversary proceedings against numerous law firms to recover profits from unfinished business that Howrey's partners brought with them to their new law firms under the theory that the profits were fraudulent transfers ("Unfinished Business Claims"). The Trustee has also sued numerous former partners of Howrey seeking to recover improper distributions from Howrey under various theories, including the theory that the distributions were fraudulent transfers ("Clawback Claims").

    Appellant Howrey Claims, LLC ("HC"), an unsecured creditor of Howrey, appeals three orders issued by the bankruptcy court, all of which have the effect of preventing HC from pursuing a claim against former Howrey partners predicated on an alter ego theory of liability. Having read and considered the papers filed in connection with the consolidated appeals and being fully informed, the Court hereby AFFIRMS the orders of the bankruptcy court, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND[1]

Howrey was an international law firm with offices in, among other places, Washington D.C., California, and Europe. Howrey dissolved effective March 15, 2011. On April 11, 2011, an involuntary Chapter 7 bankruptcy was commenced when certain creditors of Howrey filed a petition with the bankruptcy court. On June 11, 2011, the bankruptcy court converted Howrey's bankruptcy into a Chapter 11 bankruptcy case. On October 12, 2011, the bankruptcy court entered an order approving the appointment of the Trustee.

On April 22, 2011, Jan Brown filed a $994.25 proof of claim against Howrey. On October 31, 2012, the claim was assigned to HC.[2] Shortly thereafter, HC commenced an adversary proceeding by filing a class action complaint against numerous former equity partners of Howrey (collectively, "the former Howrey partners") on behalf of itself and all others similarly situated. HC's complaint asserts one claim for relief for money had and received predicated on an alter ego theory of liability. The complaint alleges that the former Howrey partners operated Howrey as their individual business and alter ego. The complaint further alleges that the former Howrey partners should be deemed the alter ego of Howrey because they diverted funds and other assets of Howrey for uses other than for corporate uses, treated the assets of Howrey as their own, and diverted assets from Howrey to themselves to the detriment of HC and the class.

In response to HC's complaint, the Trustee filed a motion to enforce the automatic stay. Following a hearing, the bankruptcy court granted the Trustee's motion on the ground that HC was attempting to assert a fraudulent transfer or wrongful distribution claim against the former Howrey partners, which is the exclusive property of the bankruptcy estate under 11 U.S.C. § 541(a). The bankruptcy court concluded that the prosecution of HC's claim by

---

[1] The parties are familiar with the background of this case. As such, the Court will only recite the procedural history and facts relevant to the resolution of the consolidated appeals pending before the Court.

[2] HC became a creditor of Howrey as a result of the assignment of Jan Brown's claim. HC was subsequently assigned an additional claim in the amount of $32,824.11.

any party other than the Trustee violates 11 U.S.C. § 362(a)(3), which precludes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  The bankruptcy court, sua sponte, dismissed HC's adversary proceeding without leave to amend on the ground that HC is not entitled to prosecute a claim that belongs to the bankruptcy estate.  HC timely appealed the bankruptcy court's stay order and its dismissal order.  The two appeals were consolidated.

Thereafter, HC filed a motion to modify the automatic stay, requesting permission to file an amended complaint in the district court against certain former Howrey partners.  The bankruptcy court denied HC's motion on the ground that the material facts of the proposed amended complaint were virtually identical to the facts alleged in the original complaint.  While the bankruptcy court noted that the proposed amended complaint was "far more illustrative and narrower and more specific than the original one," the court nonetheless found that the proposed amended complaint seeks to assert a fraudulent transfer claim, which is the exclusive property of the bankruptcy estate.  HC timely appealed this order.  HC's third appeal was consolidated with its other two appeals.  The Court now considers HC's consolidated appeals.

## II.     JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over the consolidated appeals under 28 U.S.C. § 158(a)(1).  Section 158(a) provides, in relevant part:  "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."  28 U.S.C. § 158(a).

The court reviews the bankruptcy court's legal conclusions de novo and findings of fact for clear error.  In re Southern Cal. Plastics, Inc., 165 F.3d 1243, 1245 (9th Cir. 1999).  The applicability of the automatic stay and exceptions thereto are questions of law that the Court considers de novo.  Lockyer v. Mirant Corp., 398 F.3d 1098, 1107 (9th Cir. 2005) (citations omitted).  Similarly, whether property is property of the estate is a question of law reviewed de novo.  In re Hernandez, 483 B.R. 713, 719 (9th Cir. BAP 2012).  De novo

1 review means that review is independent, with no deference given to the bankruptcy court's
2 conclusions.  See In re Onecast Media, Inc., 439 F.3d 558, 561 (9th Cir. 2006).

## III. DISCUSSION

HC appeals three orders issued by the bankruptcy court: (1) the order enforcing the automatic stay; (2) the order dismissing HC's adversary complaint without leave to amend; and (3) the order denying HC's motion to modify the automatic stay.  The question presented by HC's consolidated appeals is whether HC can prosecute its claim against the former Howrey partners predicated on an alter ego theory of liability or whether that claim belongs to the bankruptcy estate.  Below, the bankruptcy court determined that HC cannot prosecute its claim because it is the exclusive property of the bankruptcy estate.  HC disagrees, arguing that its claim is not the property of the bankruptcy estate.  According to HC, the automatic stay does not apply to its adversary proceeding because its claim only "competes" with the claims that belong to the bankruptcy estate.

### A. General Legal Principles

#### 1. Automatic Stay

When a bankruptcy petition is filed, an estate is automatically created that comprises essentially all of the property owned by the debtor. See 11 U.S.C. § 541(a); In re FitzSimmons, 725 F.2d 1208, 1210 (9th Cir. 1984).  "This estate comprises the property that will ultimately be available to satisfy the costs of bankruptcy administration and pay off the claims of creditors, subject to the right of the debtor to declare some of the estate exempt under 11 U.S.C. § 522(b)." In re FitzSimmons, 725 F.2d at 1210.

In conjunction with the creation of the bankruptcy estate, a stay is automatically imposed against, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." See 11 U.S.C. § 362(a)(3).  The automatic stay is designed to " 'protect debtors from all collection efforts while they attempt to regain their financial footing.' " In re Nat'l Envtl. Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997).  "It is also designed to protect creditors from the 'race of diligence,' in which those who acted first would receive payment 'in preference

- 4 -

to and to the detriment of other creditors.' " Id.  The automatic stay prevents "piecemeal dismemberment" of the bankruptcy estate. In re Palmdale Hills Property, LLC, 423 B.R. 655, 663 (9th Cir. BAP 2009).   It "preserves assets for both the estate and creditors."  Id. Actions taken in violation of the automatic stay are void.  In re Nat'l Envtl. Waste, 129 F.3d at 1054; see also In re Shamblin, 890 F.2d 123, 125 (9th Cir. 1989) ("Judicial proceedings in violation of [the] automatic stay are void."); In re Stringer, 847 F.2d 549, 551 (9th Cir. 1988) ("Any proceedings in violation of the automatic stay in bankruptcy are void.").

Aside from the limited exceptions set forth in § 362(b), "[t]he stay of section 362 is extremely broad in scope and . . . should apply to almost any type of formal or informal action against the debtor or property of the estate." In re Miller, 397 F.3d 726, 730-731 (9th Cir. 2005).  While the automatic stay is broad in scope, "section 362(d) 'gives the bankruptcy court wide latitude in crafting relief from the automatic stay." In re Nat'l Envtl. Waste, 129 F.3d at 1054.  Specifically, the bankruptcy court may, "grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay."  11 U.S.C. § 362(d).  A decision to lift the automatic stay under § 362 is within the discretion of the bankruptcy court.  In re Kissinger, 72 F.3d 107, 108 (9th Cir. 1995).

### 2. Bankruptcy Trustee

Generally, "[a] bankruptcy trustee is the representative of the bankrupt estate and has the capacity to sue and be sued." Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005).  "Among the trustee's duties is the obligation to 'collect and reduce to money the property of the estate.' " Id.  Section 541 of the Bankruptcy Code defines property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a).  The scope of this provision is broad and includes causes of action. United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n. 9 (1983); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).

1     "A Chapter 11 bankruptcy trustee has a special role.  The trustee 'stands in the shoes
2  of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation
3  could have instituted had it not petitioned for bankruptcy.' "  Ahcom, Ltd. v. Smeding, 623
4  F.3d 1248, 1250 (9th Cir. 2010).  "However, the trustee's power is limited.  The trustee
5  may assert only claims belonging to the debtor corporation and 'has no standing generally
6  to sue third parties on behalf of the estate's creditors.' "  Id.; see Steinberg v. Buczynski, 40
7  F.3d 890, 893 (7th Cir. 1994) ("[T]he trustee is confined to enforcing entitlements of the
8  corporation.  He has no right to enforce entitlements of a creditor").

9     "When the trustee does have standing to assert a debtor's claim, that standing is
10 exclusive and divests all creditors of the power to bring the claim.  Ahcom, 623 F.3d at
11 1250; see National American Ins. Co. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441
12 (4th Cir. 1999) ("If a cause of action is part of the estate of the bankrupt then the trustee
13 alone has standing to bring that claim.").  In determining whether a claim belongs to the
14 trustee or to the creditor, "the focus of the inquiry is on whether the Trustee is seeking to
15 redress injuries to the debtor itself caused by the defendants' alleged conduct."  Smith, 421
16 F.3d at 1002.  "If the debtor suffered an injury, the trustee has standing to pursue a claim
17 seeking to rectify such injury.  But, '[w]hen a third party has injured not the bankrupt
18 corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring
19 suit against the third party.' "  Id. at 1002-1003.  When a creditor suffers injury that is
20 "independent of the firm's fate," its injury is direct and it may pursue its own remedy;
21 otherwise the injury is derivative and the creditor must take his "place in line" in the
22 bankruptcy action.  Hamid v. Price Waterhouse, 51 F.3d 1411, 1420 (9th Cir. 1995).

23     "Although federal bankruptcy law applies to this action, state law determines
24 whether a claim belongs to the trustee or to the creditor."  Ahcom, 623 F.3d at 1250.
25 Here, the parties agree that the law of the District of Columbia applies because Howrey was
26 a limited liability partnership organized and existing under the law of the District of
27 Colombia during the relevant period.
28 ///

- 6 -

**B.     Analysis[3]**

**1.     Whether HC's Claim Belongs to the Bankruptcy Estate**

HC contends that the bankruptcy court erred by concluding that it cannot prosecute its claim for money had and received predicated on an alter ego theory of liability because it belongs to the bankruptcy estate. HC argues that because the District of Columbia and California both treat the doctrine of alter ego as a procedural remedy and not as a stand-alone substantive cause of action, its procedural alter ego remedy is not the property of the bankruptcy estate. In support of its position, HC relies on Ahcom.

As an initial matter, the Court notes that HC has not cited any authority from the District of Columbia supporting the proposition that its claim does not belong to the bankruptcy estate. Instead, HC argues that Ahcom, which applies California law, controls. Even assuming for the sake of argument that Ahcom governs the legal issue presented by HC's consolidated appeals, Ahcom does not compel the conclusion that the bankruptcy court erred in determining that HC lacks standing to prosecute its claim.

In Ahcom, the Ninth Circuit explicitly recognized that, under California law, a Trustee for a bankrupt corporation has standing to bring an action against a defendant on an alter ego theory of liability when there is an allegation of injury to the corporation giving rise to a right of action in the corporation against a defendant, including an action to recover assets of the corporation that were fraudulently conveyed. See Ahcom, 623 F.3d at 1252 (actions that are properly brought by the trustee for a bankrupt corporation include actions alleging claims for fraudulent conveyance, conversion, and/or theft); see In re Rocky Mountain Recreational Communities, LLC, 2012 WL 5248480, at *7-9 (Bkrtcy. D. Mont. 2012) (concluding that, under Ahcom and Montana law, a bankruptcy trustee "may sue for fraudulent conveyance and utilize the equitable remedy of alter ego to recover").

---

[3] On June 27, 2014, HC filed a motion requesting permission to file supplemental briefing addressing a recent order issued by Judge Hamilton - In re O'Reilly, 2014 WL 460767 (N.D. Cal. 2014). The Trustee opposes the motion. The Court has reviewed Judge Hamilton's order and finds that supplemental briefing is unnecessary. Accordingly, HC's motion is DENIED.

The Ninth Circuit further recognized that "[w]hen the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim." Ahcom, 623 F.3d at 1250.

Here, the Trustee has commenced adversary proceedings against the former Howrey partners asserting fraudulent conveyance claims to recover assets that allegedly belong to Howrey.[4] As set forth above, the Trustee has sued numerous former Howrey partners to recover improper distributions from Howrey under the theory that the distributions were fraudulent transfers. By commencing adversarial proceedings against the former Howrey partners seeking to recover assets that were allegedly improperly removed from Howrey, the Trustee seeks to redress injuries to Howrey. Accordingly, because the Trustee has standing to pursue fraudulent conveyance claims against the former Howrey partners,[5] HC is divested of the power to prosecute its adversary proceeding. The Trustee has the exclusive power to bring the claim brought by HC predicated on a fraudulent transfer theory. See Ahcom, 623 F.3d at 1250-1252; Nat'l Am. Ins. Co., 187 F.3d at 441; In re O'Reilly, 2014 WL 460767, at *7-8; see also In re Pac. Gas & Elec. Co., 281 B.R. 1, 13 (Bankr. N.D. Cal. 2002) ("Absent court approval, only a trustee or debtor in possession has standing to assert a fraudulent transfer action."); In re Tribune Co. Fraudulent Conveyance Litigation, 499 B.R. 310, 323-325 (S.D.N.Y. 2013) (Section 362(a)(1) deprives creditors of standing to bring fraudulent conveyance claims predicated on the same transactions that the trustee is targeting).

---

[4] See Executive Benefits Ins. Agency v. Arkison, 134 S.Ct. 2165, 2174 (2014) ("At bottom, a fraudulent conveyance claim asserts that property that should have been part of the bankruptcy estate and therefore available for distribution to creditors pursuant to Title 11 was improperly removed").

[5] Sections 548(a) and 544(b) of the Bankruptcy Code allow a bankruptcy trustee to avoid fraudulent conveyances. "These sections permit the trustee to avoid a transfer of an interest of the debtor in property made with the actual intent to hinder, delay, or defraud a creditor within two years prior to the bankruptcy filing, and to avoid any transfer of such an interest that is voidable under applicable law by an unsecured creditor." In re Viola, 469 B.R. 1, 5 (9th Cir. BAP 2012).

HC has not presented any authority or legal analysis demonstrating that it has suffered a direct injury such that it may pursue its own remedy against Howrey. Indeed, the allegations in the complaint establish that HC's injury is derivative of Howrey's injuries. HC's complained-of injury (i.e., Howrey lacks funds to pay HC's unsecured claims) arises out of injuries to Howrey allegedly caused by the unlawful diversion of assets from Howrey by the former Howrey partners. In its original complaint, HC alleged one cause of action for money had and received predicated on an alter ego theory of liability. In support of its claim, HC alleged, in part, as follows:

> During the Relevant Period, the [partners] controlled, dominated and operated Debtor as their individual business and alter ego; the [partners] diverted funds and other assets of Debtor for other than corporate uses; the [partners] treated the assets of Debtor as their own; and the [partners] diverted assets from Debtor to themselves to the detriment of HC and the Class.

The Court agrees with the bankruptcy court's determination that the automatic stay prohibits HC from prosecuting this claim. The facts alleged in HC's complaint overlap with the Trustee's claims. HC's claim for money had and received is similar in object and purpose to the Trustee's fraudulent conveyance claims against the former Howrey partners. The conduct giving rise to HC's claim (i.e., fraudulent transfers of Howrey's assets) is similar to the conduct giving rise to the Trustee's claims. As a consequence, HC lacks standing to prosecute its adversary proceeding. HC's claim is the exclusive property of the bankruptcy estate. See Nat'l Am. Ins. Co., 187 F.3d at 441 (creditors lack standing to bring claims that are "similar in object and purpose to claims that the trustee could bring in bankruptcy"); St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 701 (2d Cir. 1989) ("If a [creditor's] claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action."). To allow HC to pursue its alter ego remedy against third party non-debtors on a fraudulent transfer theory would interfere with the orderly liquidation procedure the automatic stay was designed to prevent. The prosecution of HC's adversary proceeding would interfere with the Trustee's ability to pursue claims for the benefit of all creditors

**1**  and to ensure that all similarly-situated creditors are treated fairly.  See In re Conejo
**2**  Enterprises, Inc., 96 F.3d 346, 351-352 (9th Cir. 1996) ("Bankruptcy is designed to provide
**3**  an orderly liquidation procedure under which all creditors are treated equally.  A race of
**4**  diligence by creditors for the debtor's assets prevents that."); In re MortgageAmerica Corp.,
**5**  714 F.2d 1266, 1275-1276 (5th Cir. 1983) (concluding that actions "by individual creditors
**6**  under state fraudulent conveyance laws would interfere with [the] estate and with the
**7**  equitable distribution scheme dependent on it, and are therefore appropriately stayed. . . .
**8**  Any other result would produce near anarchy. . . .").  Accordingly, the Court finds that the
**9**  bankruptcy court properly granted the Trustee's motion to enforce the automatic stay.
**10**       The Court further finds that the bankruptcy court did not err in denying HC's motion
**11**  to modify the stay to allow HC to file an amended complaint.  A review of the proposed
**12**  amended complaint reveals that the material facts alleged therein are similar to the facts
**13**  alleged in the complaint.  The proposed amended complaint alleges, among other things,
**14**  that "the former Howrey partners knowingly and intentionally controlled, dominated and
**15**  operated Howrey . . . as their individual business and alter ego; knowingly and intentionally
**16**  diverted funds and other assets of Howrey . . . for other than corporate uses; knowingly and
**17**  intentionally treated the assets of Howrey . . . as their own; and knowingly and intentionally
**18**  diverted assets from Howrey . . . to themselves to the detriment of Howrey Claims and the
**19**  Class."  Additionally, the proposed amended complaint alleges that the partners knowingly
**20**  and intentionally:  (1) misappropriated certain corporate opportunities, including existing
**21**  and potential future attorney-client relationships that otherwise belonged to Howrey; and
**22**  (2) misappropriated certain tangible assets, including the taking of cash from Howrey as
**23**  corporate distributions for legal services rendered by them to Howrey clients.  HC asserts
**24**  that the foregoing conduct occurred despite the former Howrey partners' knowledge of
**25**  Howrey's insolvency and their knowledge that they had no right to receive any
**26**  compensation for legal services rendered to Howrey's clients.  According to HC, by
**27**  engaging in such conduct, the former Howrey partners commingled much of Howrey's
**28**

cash with their cash, thereby making the same unavailable to Howrey to pay its bills and continue its business, all to the detriment of HC and the Class.

The Court agrees with the bankruptcy court's determination that the claim alleged in the proposed amended complaint is subject to the automatic stay.  HC has not cited any authority or provided any legal analysis demonstrating that the automatic stay does not apply.  Indeed, because the claim alleged in HC's proposed amended complaint is similar in object and purpose to the Trustee's fraudulent conveyance claims, HC lacks standing to bring this claim.  The bankruptcy court therefore did not err in denying HC's motion to modify the automatic stay.[6]

Finally, to the extent HC argues that the automatic stay does not apply because the underlying bankruptcy case was brought in Howrey's "home district court," the Court rejects this argument.  Although the scope of the automatic stay is broad, it does not stay all proceedings.  In re Palmdale Hills Property, 423 B.R. at 663.  "The automatic stay does not apply to proceedings initiated against the *debtor* if the proceedings are initiated in the same bankruptcy court where the debtor's bankruptcy proceedings are pending."  In re Miller, 397 F.3d 726, 730 (9th Cir. 2005) (noting that the "home bankruptcy court" is the bankruptcy court in which the stay originates) (emphasis added).  HC's adversary proceeding was not commenced against the debtor, i.e., Howrey.  Rather, it was commenced against certain former partners of Howrey.  As such, the "home bankruptcy court" exception to the automatic stay does not apply.

///

///

---

[6] The Trustee contends that the bankruptcy court's order enforcing the automatic stay should be affirmed on the additional ground that general alter ego claims are the property of the estate under District of Columbia law.  According to the Trustee, District of Columbia courts "would likely follow the majority of courts that have held . . . that alter ego claims alleging general harm exist and are [the] property of the bankruptcy estate." Because the Court has determined that the bankruptcy court did not err in concluding that HC's claim belongs to the bankruptcy estate, and because nothing in the bankruptcy court's orders presently on appeal address the argument raised by the Trustee, the Court declines to consider this issue in the first instance on appeal.

### 2. Whether the Bankruptcy Court Erred in Dismissing HC's Adversary Proceeding Without Leave to Amend

HC contends that the bankruptcy court erred by sua sponte dismissing its adversary proceeding without leave to amend. Whether a party has standing to pursue its claim is a question of law that is reviewed de novo. D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008). Dismissal without leave to amend is improper unless it is clear upon de novo review that the complaint could not be saved by any amendment. In re Mbunda, 484 B.R. 344, 35 (2012). "When amendment would be futile, the bankruptcy court does not abuse its discretion in dismissing the complaint without leave to amend." Id. "Amendment is futile when allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Id. (quotation marks omitted). The court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks omitted).

The Court finds that the bankruptcy court did not err in sua sponte dismissing HC's adversary proceeding without leave to amend. As discussed above, HC lacks standing to prosecute the claim alleged in the complaint and the claim alleged in the proposed amended complaint. As such, the bankruptcy court did not err in sua sponte dismissing HC's adversary proceeding. D'Lil, 538 F.3d at 1035 (federal courts are required sua sponte to examine jurisdictional issues such as standing). Nor did the bankruptcy court abuse its discretion in dismissing the adversary proceeding without leave to amend. The proposed amended complaint failed to cure the deficiency previously identified by the bankruptcy court. HC has not shown that it could amend its complaint to cure this deficiency.

### IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The Court AFFIRMS the bankruptcy court's orders enforcing the automatic stay, dismissing HC's adversary complaint without leave to amend, and denying HC's motion to modify the automatic stay.

2. HC's motion requesting permission to file supplemental briefing is DENIED.

3. This Order terminates the instant action. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED

Dated: 8/8/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge